In the Matter of EDWARD J. ROCHE, Petitioner, *v.* JAMES J. KELLY, as Commissioner of Police of the County of Nassau, Respondent.

Supreme Court, Special Term, Nassau County, June 19, 1962.

*Howard P. Fritz* for petitioner. *Bertram Harnett, County Attorney,* for respondent.

MARIO PITTONI, J. This is an article 78 proceeding by a former Nassau County policeman, who resigned from the Police Department on April 6, 1961, for an order directing the Police Commissioner to reinstate him to the department.

The petitioner alleges that on April 6, 1961 he signed and submitted his resignation statement, effective the same day, because he was not able to support his family on the inadequate pay supplied by the department. He does not allege, specifically, that there are any vacancies similar to his prior position in the department.

The Commissioner, in turn, states that he does not feel that the reappointment of the petitioner is for the best interest of the department, that the people of Nassau County deserved dedicated policemen, and that the petitioner's lack of reasonable notice and the filing of his resignation on the same day as his effective resignation shows a want of sufficient consideration for the proper operation of the department. The department cannot be at its peak efficiency if its members may resign at will, without notice, and then be automatically entitled to be reappointed upon the mere demand, within a year.

It should be pointed out that the petitioner did not take advantage of his right to ask for a leave of absence (Civil Service Law, § 71; Rules for Classified Service, rule 36 [4 NYCRR 5.2]). He resigned. Rule 38 of the Rules for Classified Service of the New York State Civil Service Commission (4 NYCRR 5.4) states that a civil service " employee who has resigned from his position *may* be reinstated   *   *   *   within one year from the date of such resignation in the position from which he has resigned, if then vacant, or in any vacant position to which he was eligible for transfer or reassignment ". (Emphasis supplied.)

The petitioner has failed to show that he has a right to reappointment, that the Commissioner's refusal to exercise his permissive power to reappoint was arbitrary or so unreasonable as to be illegal, or that there are vacancies as specified in rule 38, as above quoted. The petition is dismissed.