■ In the Matter of ROBERT F. SCHUYLER, Respondent, v DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, the appeals are from a judgment of the Supreme Court, Kings County, entered March 11, 1974, which granted the application. Judgment reversed, on the law, without costs, and proceeding dismissed on the merits. Petitioner is an employee of the New York City Transit Authority and occupies the position of Electrical Engineer. After he took the promotional examination for the position of Senior Electrical Engineer, appellants refused to grade his examination and consider him for the promotion because he lacked six months' tenure in the title of Electrical Engineer, which tenure was a requirement and prerequisite for the taking of the promotional examination. By this proceeding, petitioner sought for

various reasons to obtain retroactive tenure in his present position, to have his examination graded and to compel consideration for promotion. Special Term granted the relief sought, without stating its reason for doing so. And indeed no reason exists, in law or in equity, for such action. We understand that a promotional examination for Senior Electrical Engineer is given periodically and that if petitioner were to be deprived of promotion on the basis of the examination when it was given him he would have to wait some period of time before he could again aspire to a promotion. The fact, however, that he received promotion to his present position at a time within the six-month period immediately preceding the giving of the promotional examination for the title of Senior Electrical Engineer does not require that his promotion to his present position be given effect as of an earlier date, so that he might be given benefits under the already-given promotional examination. No civil servant has a vested right to be promoted or to be promoted at a specific time, although, by virtue of the promotional-examination-list procedure, each competitive civil servant does have the right to be promoted in accordance with his placement on the promotional list resulting from such an examination (Hurley v Board of Educ. of City of N. Y. 270 NY 275; Matter of Shpritzer v Lang, 32 Misc 2d 693, 695, mod 17 AD2d 285, affd 13 NY2d 744). This latter requirement was complied with by appellants, and petitioner has not charged any of them with acting deliberately to deprive him of the promotion he seeks. Accordingly, we find that petitioner's rights have not been violated by any action of appellants and that he must await the giving of the next promotional examination, at which time he will presumably have obtained the necessary tenure for the promotion he is seeking. Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.