In the Matter of DAVID J. McGILL, Appellant, v ALPHONSE D'AMBROSE, as New York City Personnel Director, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to certify petitioner's original appointment date for purposes of computing seniority as either October 24, 1969 or December 19, 1970, petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, entered April 14, 1976, as, upon reargument, adhered to the original determination dismissing the petition. Order affirmed insofar as appealed from, without costs or disbursements. Petitioner-appellant was not entitled to have his total period of employment deemed continuous service, pursuant to subdivision 2 of section 80 of the Civil Service Law and section 6.2.1 of the Rules of the New York City Civil Service Commission, since his reinstatement was effected more than one year after the date of his resignation. Contrary to the situation of an employee who is on leave or under suspension, resignation is a voluntary act which absolutely severs the employment relationship. Reinstatement is not a right. It requires the voluntary exercise of executive discretion by the appointing officer which discretionary action, as such, is not the concern of the courts (Matter of Cacchioli v Hoberman, 31 NY2d 287, 292; Matter of Doering v Hinrichs, 289 NY 29, 33). Subdivision 2 of section 80 of the Civil Service Law nowhere directs the appointing officer to do anything. Whether or not section 6.2.1 of the city commission's rules, in stating that reinstatement to the uniformed force "must be accomplished within a period of one year from the date of resignation", requires only that the application therefor be submitted within the one-year period so as not to bar reinstatement altogether (compare, e.g., Matter of Winkle v Adams, 4 Misc 2d 441, with Matter of Giovinazzo v Murphy, NYLJ, Aug. 10, 1966, p 9, col 1). That section also clearly provides that "Any such reinstatement effected more than one year after" resignation shall not constitute continuous service, which provision is, of course, fully in accord with the statutory mandate of subdivision 2 of section 80. We find no warrant for the proposition that the appointing officer has a duty to process the reinstatement application as quickly as possible, or to perform a discretionary act within a reasonable time (see Matter of Schuyler v Department of Personnel of City of N. Y., 47 AD2d 948, affd 39 NY2d 851; contra Matter of Franchina [Codd], 57 AD2d 394). When he resigned from the police force, petitioner took with him no right to continuous service credit in the event that he were to apply for reinstatement within the next year. Further, the mere fact that the police department subsequently undertook to examine petitioner's physical fitness to return to duty, and to investigate his activities during the period of his separation from the force, does not constitute such affirmative action as would place the onus of prompt processing upon the commissioner. True, petitioner was ultimately approved for reinstatement, but, realistically speaking, the reinstatement application of one who has resigned from the force under honorable circumstances, and for reasons unrelated to his performance as an officer, will always be accepted for processing and it is only after such processing has been completed, and the results of background investigations received, that the commissioner can fairly exercise his discretion to approve or disapprove the application. Finally, there is absolutely no claim herein that the alleged unreasonable delay in processing was a product of bad faith, deliberately contrived to deprive petitioner of the seniority credit which he might

otherwise have enjoyed. Indeed, petitioner readily concedes that he was simply faced with a slow-moving bureaucracy which was not aware that its actions might prejudice him in the subsequent, but then unforeseeable, fiscal crisis. Nor was the actual delay in reinstatement unreasonable in our view, considering that petitioner resided in North Carolina after his resignation, failed to appear for the formal swearing-in on the date first set for his reinstatement, failed to officially communicate the reason for his absence for a period of almost three months thereafter and then failed to advise the department that he had moved to another address in North Carolina in the interim. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.