Hon. Herbert B. Evans Chief Administrative Judge Office of Court Administration
This is in reply to your counsel's request for our opinion concerning the appropriate increment level at which an employee of the Unified Court System must be paid, pursuant to Judiciary Law, § 37, when he has been returned to his position after a break in service of more than one year and there has been no formal reinstatement to the title. You indicated that the Comptroller has refused to authorize restoration to the former increment level attained by the employee before his separation, on the ground that his service has not been continuous.
Judiciary Law, § 37 (formerly § 219 as added by L 1972, ch 283, § 60), is modeled after various provisions of Civil Service Law, §§ 130 and 131 as they existed in 1972 and was identical to those provisions prior to their amendment or repeal in 1979 (L 1979, ch 307, § 14). Subdivision 4 of section 37 provides in part:
 "An employee holding a position allocated to one of the salary grades included in subdivision one of this section shall receive the minimum salary of the salary grade to which his position is allocated, plus the number of increments which corresponds with the number of his years in service in such position, * * *"
Similarly, subdivision 7 of section 37 provides:
 "7. Appointment, transfers and reinstatements to similar grade positions. If an employee is transferred to a similar position, or is appointed or reinstated to a position in the same salary grade, he shall be paid the same salary in such new position as he received in his former position, except that, in the case of a transfer, if such salary does not correspond with the schedule established for the new position, he shall be paid the rate of compensation for the new position which most nearly corresponds with the salary he is then receiving. An employee so appointed, transferred or reinstated shall be eligible to receive the increments in the schedule established for the new position based upon the number of his years of service in the new position and in his former position."
The quoted provisions clearly indicate that an employee shall be paid at the increment level reflecting all of his years of service in the same position, up to the maximum, irrespective of whether that service was continuous or interrupted. By contrast, in order to attain the additional or longevity increment, service rendered after reaching the maximum increment level must be continuous (§ 37 [3]). That a resignation followed by re-entry into service after an absence of more than one year constitutes an interruption of continuous service is beyond dispute (cf., McGill v D'Ambrose, 58 A.D.2d 604 [1977]). The question here is whether increment credit is dependent upon continuous service. We believe that the plain language of the statute means that it is not.
We understand that the Comptroller's contrary view is based on "longstanding administrative practice". That practice, however, is contrary to the wording of the statute and we have been provided no reason why it was adopted. Nor is the statute so complex or ambiguous that special expertise is required to interpret it.