■ In the Matter of ANTHONY M. MOSCA, as Commissioner of the Department of Public Safety of the City of Mount Vernon, et al., Appellants, v HARTLEY W. BARCLAY, as Personnel Officer of the County of Westchester, et al., Respondents.— In a proceeding pursuant to CPLR article 78, *inter alia,* to review the "reinstatement" of respondent Michael Restiano to the Mount Kisco Police Department, petitioners appeal from so much of a judgment of the Supreme Court, Westchester County (Slifkin, J.), entered June 11, 1984, as dismissed the petition on the merits.

Judgment affirmed, insofar as appealed from, with one bill of costs to respondents appearing separately and filing separate briefs.

The instant proceeding involves a challenge to respondent Michael Restiano's resignation as a police officer with the Mount Vernon Department of Public Safety and his subsequent "reinstatement" to a similar position with the Mount Kisco Police Department. Petitioners, in essence, claim that Restiano's actions constituted a violation of and an attempt to circumvent the transfer rules promulgated by the Mount Vernon Civil Service Commission. We conclude that petitioners lack standing to maintain the instant proceeding and accordingly affirm the dismissal of the petition.

Under the authority of Civil Service Law §§ 20 and 70, the Mount Vernon Civil Service Commission has promulgated rules which govern the transfer and reinstatement of employees in the classified service of the City of Mount Vernon. As a village/town in the County of Westchester, Mount Kisco is subject to the jurisdiction of the Personnel Officer of Westchester County. All the parties to the instant proceeding agree that the Mount Vernon Civil Service Commission and the Office of the Personnel Officer of Westchester County are separate and distinct entities, each charged with the responsibility of administering the Civil Service Law and their own rules promulgated thereunder within their respective jurisdictions. By resigning from his position with the Mount Vernon Department of Public Safety, respondent Restiano severed his employment relationship with the City of Mount Vernon *(see, Matter of McGill v D'Ambrose,* 58 AD2d 604) and consequently forfeited any absolute right to reinstatement he may have possessed as well as any other rights he may have had arising from such employment *(see, Matter of Roche v Kelly,* 35 Misc 2d 336, *affd* 19 AD2d 948). It is significant to note that if Restiano had been transferred to his present position with the Village/Town of Mount Kisco, he would have been entitled to

return to his former position with Mount Vernon if he did not satisfactorily complete his probationary period in the Mount Kisco Police Department. Restiano's resignation from Mount Vernon's Department of Public Safety, however, effectively cut off any such right of reinstatement. As such, petitioners' challenge to Restiano's subsequent "reinstatement" as a police officer with the Mount Kisco Police Department on the basis that it was in contravention of the City of Mount Vernon's civil service rules must fail since Restiano's employment relationship with the city had been terminated. In view thereof, the instant petition does not satisfy the "zone-of-interest" test for standing to seek review of an administrative determination and therefore, was properly dismissed *(see, Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 443). Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.