■ In the Matter of DOMINICK CARDO, Appellant, v ALLYN SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered July 29, 1991, which *inter alia,* denied the petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying his request for continuous service credit for pay purposes upon reinstatement as a correction officer, unanimously affirmed, without costs.

The IAS Court properly denied and dismissed petitioner's challenge to the Department of Correction's determination refusing to credit his prior service for pay purposes. First, petitioner failed to timely commence this action within four months of respondents' May 11, 1990 determination. Petitioner's unsuccessful request for reconsideration of the May 1990 determination did not extend the period within which the proceeding must be commenced *(Matter of De Milio v Borghard,* 55 NY2d 216, 222).

Even if the proceeding had been timely commenced, the IAS Court properly concluded that a rational basis existed for the agency's determination. Petitioner's reinstatement as a correction officer was effected more than one year after the date of his resignation and thus he was not entitled to have his service deemed continuous as a matter of right (Civil Service

Law § 80 [2]; *Matter of McGill v D'Ambrose,* 58 AD2d 604). Finally, petitioner did not demonstrate that the delay involved in processing his application for reinstatement was a product of bad faith, especially where he initially failed a medical examination, passage of which was a condition precedent to his return to duty. Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.