**O'HARE TRUCK SERVICE, INC., et al., Plaintiffs,**

v.

**CITY OF NORTHLAKE, et al., Defendants.**

**No. 93 C 5860.**

United States District Court, N.D. Illinois, E.D.

Jan. 3, 1994.

Thomas C. Crooks, Chicago, IL, for plaintiffs.

Francis P. Kasbohm, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's December 8, 1993 memorandum opinion and order (the "Opinion," a copy of which is attached) addressed the motions that had been filed by City of Northlake ("Northlake") and its Mayor Reid Paxson ("Paxson") and its Police Chief Seymour Sapoznik ("Sapoznik") to attack the Complaint brought against the three of them by O'Hare Truck Service, Inc. ("O'Hare") and its owner John Gratzianna ("Gratzianna"). For the reasons stated in the Opinion—focused in principal part on our Court of Appeals' decision in *Downtown Auto Parks, Inc. v. City of Milwaukee*, 938 F.2d 705 (7th Cir.1991)— O'Hare and Gratzianna were ordered to file either (Opinion at 1235):

1. a memorandum identifying any relevant authority (presumably post-*Downtown Auto Parks* ) that preserves either or both of the claims set out in the Complaint or

2. an Amended Complaint stating a differently framed claim or claims—claims capable of being advanced under Section 1983 in the objective and subjective good faith demanded by Rule 11—that is or are viable in light of *Downtown Auto Parks*.

In response O'Hare and Gratzianna have tendered *both* a proposed First Amended Complaint ("FAC") and a supporting Memorandum of Law, and they are granted leave to file both of those documents.

As the O'Hare–Gratzianna motion for leave to file those papers says, the FAC "does not change the substance of plaintiffs' claims, but rather adds additional detail." That statement must be read as their acknowledgement that if the FAC's amplification does not do the job either, the "existing flaws are both incurable and inevitably fatal" (Opinion at 1235 n. 1).

This Court has therefore reviewed both the FAC and all of the cases that are sought to be relied on in the Memorandum of Law, and it concludes that the problems initially identified in the Opinion have not been and cannot be overcome by O'Hare and Gratzian-

na. Accordingly both the FAC and this action are dismissed for the reasons stated both in the Opinion (which of course need not be repeated here) and in this opinion.

*Due Process Claim*

■ Because O'Hare–Gratzianna Mem. 2–5 first speaks to their due process claim as set forth in FAC Count II, this opinion will do the same. O'Hare and Gratzianna seek to blunt (or to shunt aside entirely) the fatal impact of *Downtown Auto Parks* by citing to a number of cases from other jurisdictions, all of them dealing with the cancellation or nonrenewal of towing services—cases that (wholly unlike *Downtown Auto Parks*, 938 F.2d at 710–11) do find a "property" interest in the sense that is demanded by the Fourteenth Amendment and by the seminal decisions applying it in this area of law (*Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972)).

But all except one of those other decisions dealt with formalized official sources of property rights—created by the relevant state law, as *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709 teaches must be the case—of types that are wholly absent here:[1]

1. In *Gregg v. Lawson*, 732 F.Supp. 849, 854 (E.D.Tenn.1989), "printed rules and regulations govern the parties' conduct and formal application procedures exist for anyone wanting to be placed on the list."

2. *Jennings v. Waldrop*, No. 3:86–cv–102–GET, slip op. (N.D.Ga.1988) dealt with a "written policy of the State Patrol" that set express limitations on a wrecker's removal from the list.

3. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1232 (10th Cir.1990) was based upon rights expressly created by statute.

4. *Pritchett v. Alford*, 973 F.2d 307, 317–18 (4th Cir.1992) was similarly grounded on rights that had been formally and expressly created—in that instance by formally adopted regulations.

Only the unpublished opinion in *Morris v. McCallie*, Civ. 4–91–032, slip op. (E.D.Tenn. 1993) dealt with a situation that resembled the informal practice described in the current case, nonetheless finding that the wrecker had a "property" interest under those circumstances.

But we are regularly reminded by our own Court of Appeals that opinions by district judges do not create precedents in their own bailiwicks, let alone on foreign soil.[2] And for its part our Court of Appeals has regularly continued to make it plain that "the 'mutually explicit understandings' that constitute property interests under the holding of *Perry* cannot be based on the representations of government officials who are not authorized to make such representations" (*Wolf v. City of Fitchburg*, 870 F.2d 1327, 1334 (7th Cir. 1989), quoted and reconfirmed in *Santella v. City of Chicago*, 936 F.2d 328, 331 (7th Cir. 1991)). Nothing that is alleged in the FAC about the practice followed by Northlake's prior Mayor satisfies the need for a binding and enforceable right—to the contrary, the FAC says nothing at all about any ordinance adopted, or any other action taken, by Northlake's governing body that is authorized to make such commitments (*Santella*, 936 F.2d at 331–32).

Accordingly what was said in the Opinion remains true. *Downtown Auto Parks*, coupled with the other uniform case law from our Court of Appeals that fleshes out the concept of "property" for due process purposes, mandates the dismissal of the O'Hare–Gratzianna due process claim.[3]

---

**1.** For some reason O'Hare–Gratzianna Mem. 3–4 does not examine the cited Courts of Appeals' cases before turning to the cited District Courts' opinions. As illogical as that may be, this opinion will follow the same sequence as their Memorandum.

**2.** O'Hare–Gratzianna Mem. 4–5 also inexplicably seeks to rely on the opinion of this Court's colleague Honorable Charles Kocoras in *Medcare HMO v. Bradley*, 788 F.Supp. 1460 (N.D.Ill.

1992). As this opinion later reflects, *Medcare HMO* in fact supports this Court's determination rejecting the FAC's other (free-speech-based) claim. And as for the FAC's due process claim, *Medcare HMO* treated with a statutorily conferred right—the paradigmatic example of a state-created property interest.

**3.** As suggested in Opinion at 1235, Paxson and Sapoznik are also entitled to be dismissed on qualified immunity grounds, even apart from the

### First Amendment Claim

■ As to the free-speech-based claim advanced in FAC Count I, O'Hare–Gratzianna Mem. 6 urges that *Downtown Auto Parks* cannot be reconciled with *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). But in the judicial hierarchy, district judges are bound by the teaching of their Courts of Appeals. And here is what *Downtown Auto Parks*, 938 F.2d at 710 (citations to decisions by other Courts of Appeals omitted) says about the effect of *Rutan:*

> *Rutan* did extend First Amendment protection, but only within the context of government employment. *Rutan* was the culmination of a line of cases "concerned only with the constitutionality of dismissing public employees for partisan reasons." *Elrod* [v. *Burns* ], 427 U.S. [347] at 353, 96 S.Ct. [2673] at 2680 [49 L.Ed.2d 547] [ (1976) ]. All circuits considering the question of whether to extend the holdings of *Elrod* and *Branti* [v. *Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574] [ (1980) ] to independent contractors have declined. Since *Rutan* was decided, the Sixth Circuit has also refused to prohibit the government from considering political criteria in awarding of public contracts. We continue to concur in the view taken by the other circuits, and hold that political

favoritism in the awarding of public contracts is not actionable.

Judge Kocoras has already rejected a litigant's invitation to disavow *Downtown Auto Parks* on the authority of *Rutan* (*Medcare HMO*, 788 F.Supp. at 1465–66), and this Court of course does the same.[4] Thus nothing asserted in the current filings by O'Hare and Gratzianna has altered the Opinion's indications in this respect either. Dismissal of the O'Hare–Gratzianna "freedom of speech" claim is required as well.

### Conclusion

Although Paxson and Sapoznik have legitimate dual grounds for dismissal from this action (see n. 3), their second ground is not essential to the end result: This lawsuit is dead on the bases discussed in the text of this opinion—bases that those individual defendants share with Northlake itself. Both the FAC and this action are dismissed with prejudice.

### ATTACHMENT

### *MEMORANDUM OPINION AND ORDER*

City of Northlake ("Northlake") and its Mayor Reid Paxson ("Paxson") and its Police Chief Seymour Sapoznik ("Sapoznik") have filed motions attacking the Complaint brought against the three of them by O'Hare Truck Service, Inc. ("O'Hare") and its owner John Gratzianna ("Gratzianna"). All three defendants seek dismissal of this action (not

---

holdings just announced and to be announced in the text. Neither of the rights sought to be asserted here by O'Hare and Gratzianna was "clearly established" within the teaching of *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) and their progeny at the time that Northlake's towing needs ceased to be referred to O'Hare.

**4.** O'Hare–Gratzianna Mem. 6–7 points to *Lipinski v. Dietrich*, 578 F.Supp. 235 (N.D.Ind.1984), and to the manner in which it was distinguished in *Downtown Auto Parks*, 938 F.2d at 710, as support for their own First Amendment claim. Although the District Court opinion in *Lipinski* would certainly provide such support, the Court of Appeals in *Downtown Auto Parks* did not itself hold that *Lipinski* was decided correctly—on the contrary, it simply assumed that arguendo in the course of deciding that the case would not help

the plaintiff there anyway. This Court has examined the issue independently, and it holds that where an independent contractor has no entitlement to an ongoing relationship with a governmental unit (that is, no "property" interest, as already found here), but only a hoped-for continuation of that relationship (which is thus the legal equivalent of the governmental unit's granting a series of awards of business to that independent contractor), no principled distinction may be drawn between the government's discontinuance of that relationship and the government's refusal to deal with an independent contractor in the first instance: In each instance a claim that the nondealing was free-speech-based must be viewed through the same lens. Hence what was said in *Downtown Auto Parks*, 938 F.2d at 710 applies here with equal force:

> In sum, plaintiff's First Amendment claim must be dismissed because the City was not prohibited from allowing politics to influence its decision not to award a contract to plaintiff.

merely of the Complaint) under Fed.R.Civ.P. ("Rule") 12(b)(6),[1] while Paxson and Sapoznik also move separately for summary judgment under Rule 56.

Even though O'Hare and Gratzianna have not yet had the opportunity to respond to the newly-filed motions, the principle that could call for dismissal of their existing Complaint is so plain—deriving as it does from a recent opinion of our Court of Appeals on all fours—that this opinion is being issued sua sponte to focus the required response by counsel for O'Hare and Gratzianna. Here in brief is what the Complaint asserts:

1. O'Hare has been one of a number of companies that provide towing services when called upon to do so by Northlake. Indeed, for nearly three decades O'Hare has been on the "rotation list" of those asked to provide such services from time to time.

2. Earlier this year Gratzianna refused to contribute to Paxson's re-election campaign as Northlake's Mayor (he supported Paxson's opponent instead). For that reason Sapoznik assertedly cut O'Hare from the rotation list at Paxson's direction.

To provide this District Court with subject matter jurisdiction over that set of allegations, O'Hare and Gratzianna must set forth a federal question claim or claims. They seek to do so by invoking 42 U.S.C. § 1983 ("Section 1983"), claiming the violation of their constitutional rights to freedom of speech and to due process of law.

But *Downtown Auto Parks, Inc. v. City of Milwaukee*, 938 F.2d 705 (7th Cir.1991) sounds the death knell of both of those claims. *Downtown Auto Parks* teaches that a non-employee of a unit of state government, in the absence of a contractual relationship with that governmental body, lacks any interest in *property* such as to render actionable under Section 1983 any infringement of the non-employee's expectation of doing business with the governmental body. In so holding as to a freedom-of-speech claim, our Court of Appeals refused to extend beyond an actual employer-employee relationship the First Amendment protection pronounced in *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). And *Downtown Auto Parks* rejects any non-employee's cause of action of the type advanced here under Section 1983—*either* in terms of a claimed violation of free speech (938 F.2d at 708–10) or in terms of any claimed entitlement to due process of law (*id.* at 710–11).

That set of principles clearly dooms O'Hare's and Gratzianna's present federal claims against Paxson and Sapoznik as well as against Northlake itself. And that is so even without reference to the further fatal defect that exists in relation to Paxson and Sapoznik (a defect that really follows a fortiori): the fact that neither of the rights sought to be asserted here by O'Hare and Gratzianna was "clearly established" so as to overcome Paxson's and Sapoznik's qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) and their progeny.

O'Hare and Gratzianna are therefore ordered to file in this Court's Chambers on or before December 28, 1993, either:

1. a memorandum identifying any relevant authority (presumably post-*Downtown Auto Parks* ) that preserves either or both of the claims set out in the Complaint or

2. an Amended Complaint stating a differently framed claim or claims—claims capable of being advanced under Section 1983 in the objective and subjective good faith demanded by Rule 11—that is or are viable in light of *Downtown Auto Parks*.

At the ensuing status hearing set for 9:00 a.m. December 30, 1993, this Court expects

---

1. What the Rule 12(b)(6) motion actually asks for is the "dismissal with prejudice of plaintiffs' Complaint." Because a with-prejudice dismissal forecloses any possible cure of a defective complaint and carries with it a claim-preclusive effect, a court should not consider entering such an order unless the complaint's existing flaws are both incurable and inevitably fatal. As the text of this opinion will reflect, this Court is instead giving O'Hare and Gratzianna the opportunity to go back to the drawing boards if needed.

to act on the current motions in light of this opinion and of the content of any such filing.

Date: December 8, 1993.