■ In the Matter of MICHAEL COLLINS, Respondent, v JOEL A. MIELE, SR., et al., Appellants. [759 NYS2d 384] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Department of Environmental Protection dated October 29, 1998, demoting the petitioner from his position as Administrative Staff Analyst M-II to Administrative Staff Analyst M-I, Joel A. Miele, Sr., William N. Stasiuk, Diana Chapin, Charles Sturcken, Robert Chicoloa, and the City of New York appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Taylor, J.), dated March 20, 2002, as granted that branch of the petition which was to direct them to reinstate the petitioner to the position of Administrative Staff Analyst M-II forthwith.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to direct the appellants to reinstate the petitioner to the position of Administrative Staff Analyst M-II forthwith is denied, and the proceeding is dismissed.

It is well settled that "[a] resignation constitutes a complete break in the service, and the absolute termination of relations. Thereafter the person resigning has no rights or duties. Reentry into the service can be accomplished only by the voluntary act of the person who has power of appointment" (*Matter of Doering v Hinrichs,* 289 NY 29, 33 [1942]; *see Matter of Mosca v Barclay,* 114 AD2d 1034 [1985]; *Matter of McGill v D'Ambrose,* 58 AD2d 604 [1977]). Here, since the petitioner resigned during the pendency of this proceeding, and he never amended this petition to challenge the voluntariness of his resignation, that branch of his petition which was to direct the appellants to reinstate the petitioner to the position of Administrative Staff Analyst M-II forthwith should have been denied and the proceeding dismissed. The petitioner's contention that he did not voluntarily resign was not raised in a timely fashion (*see* CPLR 217 [1]). Ritter, J.P., Altman, Krausman and Crane, JJ., concur.