■ In the Matter of JILL S. MEYER, Appellant, v MICHAEL F. HOGAN et al., Respondents. [923 NYS2d 905]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to hire the petitioner, the petitioner appeals from a judgment of the Supreme Court, Queens County (McDonald, J.), entered May 10, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

To the extent that the petitioner challenges the determination to terminate her probationary employment with Bronx Psychiatric Center as a psychiatrist, this challenge is time-barred (see CPLR 217 [1]). Moreover, the petitioner resigned one day after she received notice that she was to be terminated from her probationary employment for failure to meet the requirements of her position (see Matter of Collins v Miele, 305 AD2d 594 [2003]).

To the extent that the petition asserts that the respondents, in bad faith, failed to hire the petitioner as a psychiatrist in the years following her resignation, it failed to state a cause of action upon which relief can be granted. The petition failed to state with any specificity when the petitioner in fact applied for any positions with the respondents or when any of her applications were in fact rejected. Thus, the petitioner has not sought review of an actual determination by the respondents, made after her resignation (see Matter of Pettus v Department of Correctional Servs., 72 AD3d 1375, 1375-1376 [2010]).

To the extent that the petitioner seeks to compel the respondents to hire her as a psychiatrist at one of their New York City facilities, the petition fails to state a cause of action upon which relief can be granted. A proceeding pursuant to CPLR article 78 in the nature of mandamus is used to compel the performance of a duty which is ministerial in nature and involves no exercise of judgment or discretion (see Matter of

*Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 97 [1981]; *Matter of 2433 Knapp St. Rest. Bar v Department of Consumer Affairs of City of N.Y.*, 150 AD2d 464, 465 [1989]). The petitioner's allegations fail to establish that the respondents have a duty to hire her (*cf. Matter of Jurnove v Lawrence*, 38 AD3d 895, 896 [2007]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.