In the Matter of ALLTOW, INC., et al., Appellants, v VILLAGE OF WAPPINGERS FALLS et al., Respondents. [942 NYS2d 147]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of Carl Calabrese, the Police Commissioner of the Village of Wappingers Falls, which removed Alltow, Inc., from a rotational list of tow-truck operators maintained by the Village of Wappingers Falls Police Department, and in the nature of mandamus to compel Carl Calabrese and the Village of Wappingers Falls to restore Alltow, Inc., to that list, and action, among other things, to recover damages pursuant to 42 USC § 1983 for violation of constitutional rights effected under color of state law, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated August 16, 2010, which denied the petition insofar as asserted by Alltow, Inc., and is in favor of the respondents/defendants and against Alltow, Inc., in effect, dismissing the petition/complaint insofar as asserted by Alltow, Inc.

Ordered that the appeal by the petitioner/plaintiff Action Automotive, Inc., is dismissed, as that petitioner/plaintiff is not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof, in effect, dismissing the third, fourth, fifth, and sixth causes action insofar as asserted by the petitioner/plaintiff Alltow, Inc.; as so modified, the judgment is affirmed on the appeal by the petitioner/plaintiff Alltow, Inc., the third, fourth, fifth, and sixth causes action insofar as asserted by the petitioner/plaintiff Alltow, Inc., are reinstated and severed, and the matter is remitted to the Supreme Court,

Dutchess County, for further proceedings on those causes of action insofar as asserted by the petitioner/plaintiff Alltow, Inc.; and it is further,

Ordered that one bill of costs is awarded to the respondents/defendants.

The Village of Wappingers Falls Police Department (hereinafter the Police Department) maintains a rotational list of approved tow-truck companies (hereinafter the list). These companies may seek inclusion on the list by submitting an application to the Police Department with evidence that they meet certain required criteria. Once an applicant is included on the list, the Police Department calls it and other companies on the list when tow truck services are needed at motor vehicle accident scenes. The application provides that tow companies approved for inclusion on the list are subject to removal if they fail to meet any of the listed requirements.

The respondent/defendant Carl Calabrese, in his capacity as the Village Police Commissioner (hereinafter the Police Commissioner), removed the petitioner/plaintiff Alltow, Inc. (hereinafter Alltow), from the list after a nonresident of the Village complained of monetary charges associated with tow services provided by Alltow in connection with a motor vehicle accident that occurred in the Village. Alltow and the petitioner/plaintiff Action Automotive, Inc. (hereinafter together the petitioners), companies both owned by the same individual, commenced the instant hybrid proceeding pursuant to CPLR article 78 alleging, inter alia, that Calabrese's removal of Alltow from the list was in excess of his jurisdiction, without a rational basis, and effected without due process, and action to recover damages pursuant to 42 USC § 1983 for violation of constitutional rights effected under color of state law and for declaratory relief. Alltow also sought relief in the nature of mandamus compelling the Police Commissioner to restore it to the list. The Supreme Court denied the petition insofar as asserted by Alltow, and, in effect, dismissed the petition/complaint insofar as asserted by Alltow.

Alltow is not entitled to relief in the nature of mandamus. "Mandamus is available . . . only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *see* CPLR 7803 [1]). "[M]andamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d at 184). "A discretionary act 'involve[s] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial

act envisions direct adherence to a governing rule or standard with a compulsory result' " (*id.*, quoting *Tango v Tulevech*, 61 NY2d 34, 41 [1983]). Alltow has not shown that the Police Commissioner has a duty to maintain it on the list (*see Matter of Meyer v Hogan*, 84 AD3d 1383 [2011]). Since removal of Alltow from the list was within the Police Commissioner's discretion, Alltow has failed to show a clear legal right to relief in the nature of mandamus (*see Matter of Klein v New York State Off. of Temporary & Disability Assistance*, 84 AD3d 1378 [2011]). For the same reason, the removal was not effected in excess of the jurisdiction of the Police Commissioner.

The Supreme Court also properly concluded that the Police Commissioner's determination to remove Alltow from the list was not arbitrary and capricious. While the Police Department had no formal administrative procedure in place for the removal of companies from the list, the removal policy at issue here was informally embodied in the requirements enumerated on the application for inclusion on the list (*see Matter of Prestige Towing & Recovery, Inc. v State of New York*, 74 AD3d 1606 [2010]). Indeed, the application for inclusion on the list specifically advised that "[i]f after being approved for the tow rotation list any applicant fails to meet the above requirements they may be removed from the tow rotation list." Here, the Police Commissioner rationally determined, after an investigation, that Alltow failed to continue to meet the requirements for inclusion on the list. Under the circumstances presented here, the challenged determination was not irrational and, thus, not arbitrary and capricious (*see generally Matter of Hanchard v Facilities Dev. Corp.*, 85 NY2d 638 [1995]).

In connection with Alltow's contention that considerations of due process entitled it to a hearing before it could be removed from the list, and that the Police Commissioner's determination was, thus, made in violation of lawful procedure and affected by an error of law (*see* CPLR 7803 [3]), the Supreme Court properly concluded that, under the circumstances, Alltow did not have a property or liberty interest in its inclusion on a municipal rotational tow list that would entitle it to such a hearing (*see Matter of Prestige Towing & Recovery, Inc. v State of New York*, 74 AD3d at 1608; *Matter of Loyal Tire & Auto Ctr. v New York State Thruway Auth.*, 227 AD2d 82 [1997]; *White Plains Towing Corp. v Patterson*, 991 F2d 1049 [1993], *cert denied sub nom. White Plains Towing Corp. v Wright*, 510 US 865 [1993]; *JAV Auto Ctr., Inc. v Behrens*, 418 F Supp 2d 439 [2005]; *see also Blackburn v City of Marshall*, 42 F3d 925, 939-940 [1995]; *Piecknick v Commonwealth of Pa.*, 36 F3d 1250, 1257 [1994];

*O'Hare Truck Serv., Inc. v City of Northlake*, 843 F Supp 1231 [1994], *affd* 47 F3d 883 [1995], *revd on other grounds* 518 US 712 [1996]; *cf. Ortiz v Town of Stratford*, 2008 WL 4630527, \*12-14, 2008 US Dist LEXIS 83507, \*35-40 [D Conn 2008]; *but see Pritchett v Alford*, 973 F2d 307, 317-318 [1992]; *Abercrombie v City of Catoosa, Okla.*, 896 F2d 1228 [1990]; *Pruitt v City of Clinton*, 2010 WL 3009513, \*6-7, 2010 US Dist LEXIS 75838, \*16-20 [ED Tenn 2010]; *Gregg v Lawson*, 732 F Supp 849, 854 [1989]).

Accordingly, the Supreme Court properly denied those branches of the petition, set forth in the first and second causes of action, which were pursuant to CPLR article 78 to annul the Police Commissioner's determination, and properly, in effect, dismissed the first and second causes of action insofar as asserted by Alltow.

Nonetheless, in the absence of a dispositive motion addressed to the third, fifth, and sixth causes of action, which were to recover damages and an attorney's fee pursuant to 42 USC §§ 1983 and 1988, and the fourth cause of action, which sought declaratory relief, the Supreme Court erred in, in effect, dismissing those causes of action insofar as asserted by Alltow. In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and for declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment (*see Matter of 24 Franklin Ave. R.E. Corp. v Heaship*, 74 AD3d 980, 980 [2010]). Thus, where no party makes a request for a summary determination of the causes of action which are to recover damages or for declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action (*see Matter of G&C Transp., Inc. v McGrane*, 72 AD3d 819 [2010]; *During v City of New Rochelle, N.Y.*, 55 AD3d 533, 534 [2008]). Since no party made such a motion here, the Supreme Court should not have summarily disposed of the third, fourth, fifth, and sixth causes of action insofar as asserted by Alltow. Accordingly, those causes of action insofar as asserted by Alltow must be reinstated and severed from the first and second causes of action, and the matter must be remitted to the Supreme Court, Dutchess County, for further proceedings on those causes of action insofar as asserted by Alltow. We express no opinion as to the merits of the causes of action asserted pursuant to 42 USC § 1983 (*compare White Plains Towing Corp. v Patterson*, 991 F2d 1049 [1993], *with Pritchett v Alford*, 973 F2d at 317-318), or whether the

cause of action for a declaratory judgment properly lies under the circumstances of this case (*see generally Matter of Whitted v City of Newburgh*, 65 AD3d 1365, 1369 [2009]; *Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1007 [2009]).

Alltow's remaining contentions are without merit. In light of the foregoing, we need not reach the respondents/defendants' remaining contentions. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur. **[Prior Case History: 28 Misc 3d 1222(A), 2010 NY Slip Op 51430(U).]**