■ In the Matter of PRATOW CORPORATION, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [49 NYS3d 744]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Hudson Valley Transportation Management Center to place the petitioner on the light duty rotational tow list for Post 2 on Interstate Highway 684 in Westchester County, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered January 16, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Hudson Valley Transportation Management Center (hereinafter the TMC) and the New York State Police (hereinafter the State Police) maintain a list (hereinafter the tow list) identifying authorized tow companies to be contacted on a rotating basis to tow vehicles that become disabled on Interstate Highway 684. The petitioner was removed from the tow list in March 2012. That removal is the subject of a related appeal (see *Pratow Corp. v State of New York*, 148 AD3d 1065 [2017] [decided herewith]).

The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the TMC to place the petitioner on the tow list again. During the pendency of the proceeding, the petitioner was placed back on the tow list. However, the State Police removed the petitioner from the tow list again on May 1, 2014, after the petitioner defied the directive of a captain by continuing to use a particular driver who had recently been convicted of a crime relating to the fraudulent repair of a motor vehicle. The petitioner then moved for the same relief that it had sought in the petition, i.e., relief in the nature of mandamus to compel the TMC to place the petitioner on the tow list. The Supreme Court then denied the petition and dismissed the proceeding.

"Mandamus is available . . . only to enforce a clear legal right where [a] public official has failed to perform a duty enjoined by law" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *see* CPLR 7803 [1]). Since the removal of the petitioner from the tow list was within the

discretion of the State Police, the petitioner failed to show a clear legal right to relief in the nature of mandamus (*see New York Civ. Liberties Union v State of New York*, 4 NY3d at 184; *Matter of Alltow, Inc. v Village of Wappingers Falls*, 94 AD3d 879, 880-881 [2012]). Further, the Supreme Court properly concluded that the determination to remove the petitioner from the tow list on May 1, 2014, was not arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Alltow, Inc. v Village of Wappingers Falls*, 94 AD3d at 881). The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.