Matter of Bistrian Land Corp. v Lynch (2019 NY Slip Op 02340)





Matter of Bistrian Land Corp. v Lynch


2019 NY Slip Op 02340


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-02263
 (Index No. 4041/17)

[*1]In the Matter of Bistrian Land Corp., et al., appellants- respondents, 
v
Stephen Lynch, etc., et al., respondents-appellants.


Lynn, Gartner, & Dunne, LLP, Mineola, NY (Robert P. Lynn, Jr., Kenneth L. Gartner, and Tiffany D. Frigenti of counsel), for appellants-respondents.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents-appellants.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioners/plaintiffs appeal, and the respondents/defendants cross-appeal, from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated January 2, 2018. The judgment denied the petition and, in effect, dismissed the proceeding pursuant to CPLR article 78, and, in effect, severed the action for declaratory relief.
ORDERED that the appeal from so much of the judgment as, in effect, severed the action for declaratory relief is dismissed, without costs or disbursements, as the petitioners/plaintiffs are not aggrieved by that portion of the judgment (see CPLR 5511); and it is further,
ORDERED that the cross appeal is dismissed, without costs or disbursements, as the respondents/defendants are not aggrieved by the judgment (see CPLR 5511); and it is further,
ORDERED that the judgment is affirmed insofar as reviewed, without costs or disbursements.
The petitioners/plaintiffs (hereinafter the petitioners), who owned certain real property located in the Town of East Hampton, commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against the respondents/defendants, the Town, Stephen Lynch, Superintendent of Highway for the Town, and Larry Cantwell, Supervisor of the Town (hereinafter collectively the Town respondents). The petitioners sought a judgment declaring, inter alia, that the Town respondents must open, pave, and grade a certain access road or, alternatively, that the petitioners have the right to open, pave, and grade that access road and the Town respondents cannot interfere with the petitioners doing so. The petitioners also sought a judgment in the nature of mandamus compelling Lynch to construct the access road.
In a judgment dated January 2, 2018, the Supreme Court denied the petition and, in [*2]effect, dismissed the proceeding pursuant to CPLR article 78. The court also held that the petitioners failed to establish their entitlement to judgment as a matter of law on their cause of action for a declaratory judgment. The Supreme Court, in effect, severed the action for a declaratory judgment. The petitioners appeal, and the Town respondents cross-appeal, from the judgment.
The petitioners are not entitled to relief in the nature of mandamus. "The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 802; see CPLR 7803[1]; Matter of Alltow, Inc. v Village of Wappingers Falls, 94 AD3d 879, 880-881). In this case, the petitioners failed to show a clear legal right to relief in the nature of mandamus. Accordingly, we agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding.
Neither the petitioners nor the Town respondents are aggrieved by the Supreme Court's determination, in effect, to sever the action seeking declaratory relief instead of summarily determining that action (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157). "In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (Matter of East W. Bank v L & L Assoc. Holding Corp., 144 AD3d 1030, 1033 [internal quotation marks omitted]; see Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison, 106 AD3d 918, 920; Matter of Alltow, Inc. v Village of Wappingers Falls, 94 AD3d at 882). "Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (Matter of East W. Bank v L & L Assoc. Holding Corp., 144 AD3d at 1033 [internal quotation marks omitted]; see Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison, 106 AD3d at 920; Matter of Alltow, Inc. v Village of Wappingers Falls, 94 AD3d at 882). Here, in the absence of a dispositive motion addressed to the action seeking declaratory relief, that action could not have been summarily determined (see Matter of Town of Woodbury v County of Orange, 114 AD3d 951, 954), and the parties are not aggrieved by the Supreme Court's determination, in effect, to sever the action instead of summarily determining that action.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court