■ KENNETH F. REISS et al., Appellants, v ROGER MAYNARD et al., Respondents.—Order unanimously reversed on the law with costs and motion denied. Memorandum: Plaintiffs seek to enjoin defendants from interfering with access to plaintiffs' property over a right-of-way known as Linwood Drive Extension, a dirt or gravel road which connects to the public highway and crosses real property owned by defendants. They claim a prescriptive easement. Supreme Court dismissed the complaint on the ground of collateral estoppel, finding that the issues raised are identical to those in *Beutler v Maynard* (80 AD2d 982, *affd* 56 NY2d 538). We disagree.

The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, regardless of whether the tribunals or causes of action are the same. "What is

controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500).

While plaintiffs have raised several meritorious arguments against application of collateral estoppel in the circumstances presented, we need only note, in reversing, that there is an absence of issue identity between this case and the prior litigation. A different parcel of land is at issue and different facts must be presented to establish an easement by prescription in favor of these plaintiffs. Since plaintiffs' claim was not necessarily determined by the prior litigation, the court erred in granting defendants' motion to dismiss the complaint. (Appeal from order of Supreme Court, Cattaraugus County, Horey, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.