OPINION OF THE COURT
Leo F. Hayes, J.
Petitioners commenced two separate CPLR article 78 proceedings seeking review of the respondent city’s determination to terminate each of the petitioners from the Syracuse City Police Department rotational towing list and seeking an order of this court directing respondents to reinstate the petitioners’ names to the City of Syracuse Police Department rotational towing list. The underlying facts do not appear to be in dispute. Both of the petitioners, until the termination in issue, had been on the Syracuse Police Department’s rotational *1065 towing list. Apparently they both operate towing businesses out of the same offices. Roger Henson is the son of Waymon Henson.
The rotational towing list is used by the police department to remove vehicles that are illegally parked, disabled or involved in crimes. According to the respondents, there are approximately 15 operators on the list including Waymon Henson, doing business as Henson Towing and Wrecker Service, and Roger Henson, doing business as T & T Towing Services. The city has established various procedures for implementing the rotational towing list and has a variety of regulations and qualifications related thereto.
According to an affidavit by an employee of the respondent, on or about March 6, 1990, respondent learned that Waymon Henson was arrested for allegedly giving an unlawful gratuity to an employee with the New York State Department of Motor Vehicles. The City Police Department thereafter conducted an investigation and as a result of the investigation, determined that both Waymon and Roger Henson were implicated in the incident and that the incident reflected upon their honesty, and therefore, apparently made them inappropriate risks for the rotational towing list. Both of the petitioners were immediately thereafter terminated from the rotational towing list. It appears to be undisputed that both petitioners derive significant revenue from their participation on the towing list and had been well established on the rotational towing list prior to this unilateral termination.
While there are a paucity of New York cases on the subject, nevertheless, it does appear that the petitioners have a property interest which cannot be terminated without due process. This issue was addressed by the United States Court of Appeals for the Tenth Circuit in Abercrombie v City of Catoosa (896 F2d 1228 [10th Cir 1990]), a case involving the application of Oklahoma statutes to a rotational towing list. The court noted (at 1231) that "[i]n order for someone to have a property interest in a benefit, he 'must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.’ ” The court stated that "[Property interests 'arise from sources such as state statutes, local ordinances, established rules, or mutually explicit understandings.’ ” (896 F2d 1228, 1231.) The court ultimately concluded that the wrecker had a property interest in the rotational towing list referrals. A similar decision was reached *1066 by the United States District Court for the Northern District of Georgia in Jennings v Waldrop (No. 3: 86-CV-102-GET). There the court noted "the evidence as a whole clearly establishes a mutually recognized entitlement for a wrecker service to remain on the monthly rotational list unless removed for misconduct and the expectation was not merely unilateral”. The court went on to hold that "in fact, plaintiff never received a hearing, written notification of the charges against him, or even a written notification of the reasons for his removal from the wrecker list. Thus, defendant violated plaintiffs federal due process rights by depriving him of a property interest without affording him proper due process of law”.
In a matter involving a towing license, a New York court has stated that: "It is a fundamental principle of constitutional law that in certain instances where a petitioner has an important interest in an administrative determination that will adversely affect him, the administrative agency must provide him with a hearing even where the statute which authorizes the administrative action does not require a hearing. In the past, the decisions involving whether a petitioner for a license is required to be given an opportunity to be heard have been couched in the language of whether the license is a privilege or a right. This doctrine, however, is in the process of being eroded by the courts which now view the question as one of whether the petitioner’s interests in the determination are so important as to require the procedural safeguards prescribed in the due process clause of the Federal Constitution. * * * 'Where the exercise of a statutory power adversely affects property rights — as it does in the present case — the courts have implied the requirement of notice and hearing, where the statute was silent * * ” (Matter of Bay Towing v Broderick, 49 Misc 2d 657, 659-660 [1966].)
This court is of the opinion that the petitioners have a constitutionally protected property interest in the rotational towing list, and as a result have a due process right to a hearing prior to their removal from that list. Accordingly, this matter is remanded to the respondent for further proceedings in accordance with this determination, and petitioners should be reinstated pending the outcome of any such further proceedings.