■ In the Matter of Top Lube, Inc., Doing Business as Win-Mart, Respondent, v Erie County Department of Health et al., Appellants, et al., Respondents. [626 NYS2d 628] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: On April 10, 1992, petitioner entered into a Vendor Contract for the Special Supplemental Food Program for Women, Infants and Children (WIC) with respondent Erie County Department of Health (County) that was renewed on April 10, 1993. On January 31, 1994, respondent Michael Erckert, WIC investigator for the County, advised petitioner by letter that the County had elected not to renew the vendor contract and that it was not entitled to a fair hearing to contest that determination. No reason was provided for the determination not to renew the contract. The basis for the County's determination was that petitioner's prices for WIC foods were in excess of the average price charged for the same foods by other WIC vendors in the area. Excessive pricing is a ground for terminating a WIC contract during the performance period. If a contract is terminated on that ground during the performance period, however, a vendor has a right to a hearing to contest termination.

On April 13, 1994, petitioner demanded a fair hearing on the County's determination not to renew its WIC vendor contract. When the County failed to reply to that demand, petitioner commenced the present CPLR article 78 proceeding, asserting that it had been deprived of its property interest in continuing participation in the WIC program without due process of law. Supreme Court granted the petition, concluding that the County could not, without a hearing, refuse to renew petitioner's contract based on its determination that petitioner's prices for WIC foods were in excess of the average prices charged by other WIC vendors.

The court erred in failing to dismiss the petition. The contract provided that "[n]on-renewal of the contract by either party (Local Agency or Vendor) may be without cause" and that, "[i]n the event of non-renewal of the contract, neither the Vendor or [sic] the Local Agency shall be entitled to a hearing to contest the non-renewal. The State, Local Agency and the Vendor have no obligation to renew the contract." Moreover, the Federal and State regulations governing the contract specify that the agency has no obligation to renew a contract, and there is no requirement for a fair hearing when a vendor contract is not renewed. Because the regulations and

the contract vest the agency with significant discretion over petitioner's continued participation as a WIC vendor, petitioner does not have a property interest in continued participation in the program *(see, Kelly Kare v O'Rourke,* 930 F2d 170, 175-176, *cert denied* 502 US 907; *see generally, FSK Drug Corp. v Perales,* 960 F2d 6; *but see, J.O.M. Corp. v Department of Health,* 697 F Supp 720). The County, therefore, is not required to grant petitioner a hearing before determining not to renew the vendor contract. Moreover, non-renewal, unlike disqualification or termination from the program, does not result in petitioner's debarment from other Federal programs and thus entitle petitioner to a hearing *(cf., Myers & Myers v United States Postal Serv.,* 527 F2d 1252, 1258-1260). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.— CPLR art 78.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.