[652 NYS2d 804]

In the Matter of LOYAL TIRE AND AUTO CENTER, INC., Respondent, v NEW YORK STATE THRUWAY AUTHORITY et al., Appellants.

Third Department, January 16, 1997

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* New York City *(Robert M. Goldfarb* of counsel), for appellants.

*Birbrower, Montalbano, Condon & Frank, P. C.,* New York City *(Richard H. Sarajian* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J. P.

The issue to be resolved on this appeal is whether a letter of authorization issued by respondent New York State Thruway Authority (hereinafter respondent) to petitioner, a garage and towing center, pursuant to 21 NYCRR 104.1 (b) and 102.1 (a) (16) (i), which permitted petitioner to enter a given section of the Thruway and remove disabled or abandoned vehicles, was properly terminated by respondent. The letter of authorization issued to petitioner permitted it to remove disabled vehicles from the Thruway between mileposts 31.2 and 50.2. The letter contained certain restrictions. Relevant to our inquiry are paragraph 6, wherein respondent reserved the right to revoke the authorization without prior notice; paragraph 9, which stated that petitioner's performance would be reevaluated prior to the issuance of a new authorization letter; and paragraph 10, which indicated that respondent's findings regarding any customer complaints were final and could result in termination of petitioner's authorization.

On July 16, 1992, petitioner answered a call to tow a tractor trailer owned by Port Jersey Transportation (hereinafter Port Jersey) which had overturned on the Thruway. A complaint was made to respondent on July 20, 1992 by Port Jersey that petitioner's tow truck driver dropped the tractor trailer on the roadway while towing it, significantly damaging it. After an investigation of the incident, petitioner was requested to refund $1,988 to Port Jersey for the damage to the trailer and $450 to repair its landing gear. When petitioner refused to comply, respondent's Assistant Traffic Supervisor issued petitioner a letter of deficiency dated November 22, 1992. On December 21, 1992, respondent New York State Thruway Authority Traffic and Safety Committee (hereinafter the Committee) reviewed the matter and, by letter dated December 30, 1992, directed petitioner to pay Port Jersey $2,438 within three days or file an appeal within 30 days. Petitioner appealed on January 4, 1993 and requested a copy of the Committee's report. Petitioner also reserved the right to submit additional information, which it subsequently did. On June 25, 1994, the Committee reviewed petitioner's appeal and terminated its letter of authorization as of July 14, 1993. Petitioner's attempts to regain its authorization by offering to pay Port Jersey were rejected. Petitioner thereafter paid Port Jersey directly.

In this CPLR article 78 proceeding petitioner seeks to set aside respondent's revocation of its letter of authorization. Respondent cross-moved to dismiss the petition as moot because petitioner's letter of authorization had expired prior to the termination order. Supreme Court denied respondent's motion to dismiss and ruled that State Administrative Procedure Act article 3 applied. The court found that the letter of authorization was a license and held that respondent violated petitioner's due process rights by failing to provide petitioner with notice and an opportunity to be heard prior to revoking the authorization letter as required by the State Administrative Procedure Act. Petitioner's petition was granted, respondent's determination annulled and the matter remitted to respondent for a new determination. Respondent appeals.

Respondent concedes that it is an agency as defined by State Administrative Procedure Act § 102 (1); however, it challenges Supreme Court's finding that State Administrative Procedure Act § 301 requires a hearing on the record in this case. Respondent urges that State Administrative Procedure Act § 301 applies only if a separate law requires that an adjudicatory proceeding be held to determine rights of a named party and,

absent such statutory authority to make a determination on the record and after a hearing, the State Administrative Procedure Act is not applicable. We concur.

Respondent, while a State agency within the meaning of State Administrative Procedure Act § 102 (1), is a separate entity from the State in the nature of an autonomous public corporation and, as such, can enter into contracts, sue and be sued as a private entity (see, Bonaventure v New York State Thruway Auth., 108 AD2d 1002; see also, Public Authorities Law § 361-b). Respondent has neither promulgated rules or regulations nor does its enabling legislation require that any determinations of respondent be made on the record or after a hearing (see, Public Authorities Law, art 2, tit 9; 21 NYCRR part 100). Respondent has complete discretion as to how it will function and may decide what regulations to promulgate in overseeing the Thruway (Public Authorities Law §§ 354, 359). We thus conclude that State Administrative Procedure Act article 3 is not applicable. There is no legal requirement that respondent's determinations be made after a hearing and on the record.

The next issue presented is whether the letter of authorization constitutes a license or a contract. State Administrative Procedure Act § 102 (4) defines a license to include "the whole or part of any agency permit, certificate, approval, registration, charter, or similar form of permission required by law". The letter of authorization issued to petitioner is clearly a license required by law as it gives certain garages the exclusive power to enter a given section to perform certain operations thereon (see, 21 NYCRR 104.1 [b]; 102.1 [a] [16] [i]). While we conclude that the letter of authorization meets the traditional definition of a license for the reasons articulated, we do not find that a hearing with notice is required before its cancellation. The State Administrative Procedure Act hearing requirements, as we have stated, do not apply. Supreme Court erred in holding to the contrary.

We next address Supreme Court's determination that petitioner's due process rights were violated by respondent's failure to hold a predetermination hearing. In order to invoke the protections of the Due Process Clause, a party must have, inter alia, a property interest in a government benefit (see, Matter of Niagara Mohawk Power Corp. v New York State Dept. of Transp., 224 AD2d 767, 768, appeal dismissed 87 NY2d 1054, lv denied 88 NY2d 809). Property interests are not created by the NY Constitution but rather " 'by existing rules or under-

standings that stem from an independent source such as state law' " (*Matter of Medicon Diagnostic Labs. v Perales*, 74 NY2d 539, 545, quoting *Cleveland Bd. of Educ. v Loudermill*, 470 US 532, 538). When the agency retains significant discretion over the individual's continued participation in a government program, a property interest does not accrue (*see, Matter of Top Lube v Erie County Dept. of Health*, 214 AD2d 974, 975, *appeal dismissed* 86 NY2d 837, *lv denied* 87 NY2d 805). Here, respondent retained significant discretion over petitioner's continued participation as an authorized tow truck company. Petitioner's authorization letter was subject to respondent's rules and regulations and, by accepting it, petitioner accepted its terms as well. We thus conclude that Supreme Court erred in finding that petitioner's due process rights were violated.

We reject as without merit petitioner's allegation that its liberty interest was implicated by virtue of the revocation of its letter of authorization and decline to further discuss the issue. We conclude finally that respondent's actions accorded petitioner all the rights it was entitled to pursuant to the letter of authorization. Respondent conducted an investigation involving interviews with all relevant, available witnesses. Petitioner was allowed to present its own view of the events and was able to appeal and present additional information. We deem this sufficient. We also find that the penalty imposed was not excessive under the circumstances.

CASEY, YESAWICH JR., SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.