■ ELM INSURANCE COMPANY, as Subrogee of GENERAL ELECTRIC CAPITAL AUTO LEASE, an Unincorporated Division of GENERAL ELECTRIC CAPITAL CORPORATION, Respondent, v GEICO DIRECT et al., Defendants, and GEICO GENERAL INSURANCE COMPANY, Appellant. [805 NYS2d 34]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 24, 2004, which, to the extent appealed

from, denied so much of defendant-appellant's motion as sought dismissal of the complaint as against it, unanimously modified, on the law, to grant appellant's motion insofar as to dismiss the fourth cause of action, sounding in breach of contract, and otherwise affirmed, without costs.

Plaintiff, in its capacity as excess liability insurer, paid $700,000 to settle the underlying action. The defense of the action was handled by lawyers retained by the primary liability insurer, defendant-appellant GEICO, which, in connection with the settlement, paid its policy limit of $100,000. Alleging that defendant and the law firm it retained misinformed plaintiff regarding the status of the case and the extent of the injuries involved, failed to inform plaintiff that its insured was precluded from testifying, failed to conduct an investigation, and specifically advised plaintiff that liability would not exceed the policy limits of the primary layer of coverage, plaintiff now sues the law firm for malpractice and breach of contract, and defendant-appellant GEICO for bad faith and breach of contract. The breach of contract claim against GEICO is not sustainable since plaintiff does not specify any contractual provision that was breached, and because the law firm was an independent contractor for whose acts and omissions GEICO is not answerable (*see Feliberty v Damon*, 72 NY2d 112 [1988]).

While this is not a case in which bad faith may be found in the context of a failure to settle, the underlying litigation having in fact been settled, dismissal of plaintiff's bad faith claim was properly denied in light of allegations permitting the inference that GEICO, by deliberately or recklessly misrepresenting the status of the litigation, effectively deprived plaintiff subrogee of a meaningful opportunity to protect its client's interests by realistically evaluating and prosecuting the case (*see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445 [1993]). Concur— Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.