■ CITICORP NORTH AMERICA, INC., et al., Appellants, v FIFTH AVENUE 58/59 ACQUISITION COMPANY, LLC, et al., Respondents, et al., Defendant. [895 NYS2d 39]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered on January 14, 2009, which dismissed the complaint in its entirety, unanimously affirmed, with costs.

In March 1991, plaintiff tenant Banco National entered into a 16-year lease with defendant Longstreet for commercial space in Manhattan. The premises were subsequently sold to defendant 767 Fifth Avenue formerly known as Trump 767 Fifth Avenue, and then to defendant Fifth Avenue 58/59 Acquisition, as successor landlords. Banco National's tenancy interest was transferred first to plaintiff Citibank and then to plaintiff Citicorp North America. The lease contained a porters' wage escalation clause, which allowed for an increase in rent by a certain amount per square foot whenever the building porters received a wage increase.

Plaintiffs allege that since 1993, defendants have been calculating the porters' wage escalation rent increases in a manner resulting in plaintiffs being overbilled for rent by approximately $564,531. Following discovery, the court denied plaintiffs' motion for partial summary judgment, granted Fifth Avenue 58/59's cross motion to dismiss the complaint against it, and after searching the record, summarily dismissed the complaint against all other defendants.

It is undisputed that plaintiffs, highly sophisticated entities, made no inquiry for approximately nine years regarding the amount of rent they were paying, and never compared the rent provisions of their lease to the rent amounts invoiced by defendants in order to determine if they were being overcharged. Rather, they paid the invoiced rent amounts "without protest or even inquiry, and were not laboring under any material mistake of fact when they did so" (*Westfall v Chase Lincoln First Bank*, 258 AD2d 299, 300 [1999]; *see Eighty Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc.*, 34 AD3d 244 [2006]). Making such payments without any effort to learn what their legal obligations were demonstrated a clear lack of diligence on plaintiffs' part (*Gimbel Bros. v Brook Shopping Ctrs.*, 118 AD2d 532, 535-536 [1986]). The complaint was thus barred under the voluntary payment doctrine (*see Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525 [2003]). Concur—Catterson, J.P., Acosta, DeGrasse and Abdus-Salaam, JJ.