■ In the Matter of PRESTIGE TOWING & RECOVERY, INC., Appellant-Respondent, v STATE OF NEW YORK et al., Respondents-Appellants. (Proceeding No. 1.) In the Matter of MARTY's SERVICE, INC., Appellant-Respondent, v STATE OF NEW YORK et al., Respondents-Appellants. (Proceeding No. 2.) [904 NYS2d 251]—

Mercure, J.P. Cross appeals from a judgment of the Supreme Court (Ledina, J.), entered February 23, 2009 in Sullivan County, which, in two proceedings pursuant to CPLR article 78, dismissed petitioner's application in proceeding No. 1 and partially granted petitioner's application in proceeding No. 2 to annul a determination of respondent Division of the State Po-lice removing petitioner from the Zone 1, Troop F tow list.

Zone 1, Troop F of respondent Division of the State Police maintains a list identifying authorized towing companies to be contacted on a rotating basis to tow disabled and impounded

vehicles unless, among other things, the vehicle owners request a specific towing company. The Troop F tow policy is uniform, zone-wide and provides both detailed operating guidelines and an administrative procedure for removal of towing companies from the list, but the policy is informal in the sense that it is not governed by statute or regulation. Petitioners, licensed towing operators, were removed from the list after petitioner in proceeding No. 1, Prestige Towing & Recovery, Inc., allegedly obstructed police operations by employing deceptive measures to solicit tows from vehicle owners, thereby compromising officer safety. Petitioner in proceeding No. 2, Marty's Service, Inc., was removed because Sean Brooks, the sole owner of Prestige, and his wife each own 25% of Marty's.

Petitioners then commenced these separate proceedings pursuant to CPLR article 78 challenging the determination to remove them from the tow list as arbitrary and capricious, and seeking, among other things, reinstatement to the list. Supreme Court partially granted the petition in proceeding No. 2 and dismissed the petition in proceeding No. 1. Petitioners appeal, and respondents cross-appeal.

It is well settled that "when the issue concerns the exercise of discretion by the administrative [agency,] [t]he courts cannot interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974] [internal quotation marks and citations omitted]). Action is arbitrary and capricious when it "is without sound basis in reason and is . . . taken without regard to the facts" (*id.* at 231). In determining whether an administrative action is arbitrary and capricious, courts do not decide credibility issues or weigh evidence (*see Matter of Lewis v DeBuono*, 257 AD2d 787, 788 [1999]; *Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958 [1997], *lv denied* 89 NY2d 814 [1997]).

Here, we reject petitioners' argument that respondents' determination to remove Prestige from the tow list was arbitrary and capricious, and based wholly upon speculation and conjecture. Rather, respondents relied upon evidence that Brooks failed to report an accident and misled a state trooper in order to obtain permission to use a highway U-turn so he could improperly solicit a tow for a disabled vehicle, and that another improper attempt to solicit a tow by a Prestige employee on the same day resulted in a confrontation that distracted a trooper and compromised officer safety. In our view, the foregoing

provided a rational basis for respondents' removal of Prestige from the tow list, particularly in light of Prestige's two prior suspensions from the tow list for similar conduct. Absent any evidence, however, that Marty's was involved in the incidents that prompted Prestige's removal or that it had ever been removed from any of the three police tow lists on which it has been included for more than 20 years, we agree with Supreme Court that there was no basis for the removal of Marty's from the tow list.

Petitioners' remaining arguments require little further discussion. Contrary to petitioners' contention, we conclude that respondents substantially complied with the procedure set forth in the Zone 1 tow policy for removing operators from the tow list (see generally Matter of Hanchard v Facilities Dev. Corp., 85 NY2d 638, 642-644 [1995]). Petitioners were notified that they would be removed from the tow list, provided with a fair opportunity to respond in writing, and the factual basis for the removal was adequately set forth in respondents' notice of removal. Petitioners' assertion that they requested a formal hearing—as opposed to a fair opportunity to be heard and submit witness statements—is unsupported by the record. In any event, petitioners assert no property or liberty interest implicating due process such that a predetermination hearing would be required, and no statutes or regulations requiring such a hearing have been brought to our attention (see Matter of Loyal Tire & Auto Ctr. v New York State Thruway Auth., 227 AD2d 82, 85-86 [1997], lv denied 90 NY2d 804 [1997]; see also Matter of Taylor v New York State Dept. of Correctional Servs., 248 AD2d 799, 799-800 [1998]). Given Prestige's repeated prior removals from the list and familiarity with the process, there is no merit to petitioners' assertion that they were prejudiced by respondents' failure to inform them that they could reapply for inclusion on the list after six months or have a meeting with the Zone 1 commander. Finally, there is no indication that respondents' determination flowed from bias (see Matter of D'Souza v New York State Dept. of Health, 68 AD3d 1562, 1564 [2009]), and we cannot conclude under the circumstances presented herein that the penalty was "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 233 [internal quotation marks and citation omitted]).

Peters, Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.