# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**79**

**CA 13-01333**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

MARK D. PLUMLEY AND TINA A. PLUMLEY,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

ERIE BOULEVARD HYDROPOWER, L.P.,
DEFENDANT-RESPONDENT.

---

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (JOHN D. CONNERS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

HISCOCK & BARCLAY, LLP, SYRACUSE (JOHN M. NICHOLS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered September 25, 2012. The order, among other things, dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order that, inter alia, granted that part of defendant's motion seeking to dismiss the complaint on the ground that the action was barred by collateral estoppel (*see* CPLR 3211 [a] [5]), and on the further ground that, pursuant to CPLR 3211 (c), defendant was entitled to summary judgment because there was no material issue of fact to be tried. We agree with plaintiffs that Supreme Court erred in determining that the action was barred by collateral estoppel. Collateral estoppel "applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action' " (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 128, quoting *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349). We conclude that the primary issue in this action was not previously litigated and decided against plaintiffs in a prior action. We further conclude, however, that the court, in treating defendant's motion as one for summary judgment pursuant to CPLR 3211 (c), properly granted the motion. Defendant met its burden of establishing that it was under no obligation to include plaintiffs in a "global" settlement agreement that defendant reached with other parties situated similarly to plaintiffs. In opposition, plaintiffs established only that they had a "mere agreement to agree" with defendant, which "is unenforceable" (*Joseph Martin, Jr., Delicatessen*

*v Schumacher*, 52 NY2d 105, 109; *see Willmott v Giarraputo*, 5 NY2d 250, 253). Thus, it was insufficient to defeat defendant's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: February 14, 2014 Frances E. Cafarell
Clerk of the Court