# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

569

CA 13-01812

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

IN THE MATTER OF ROGER D. HENSON, DOING
BUSINESS AS TNT TOWING SERVICE, WAYMON HENSON,
DOING BUSINESS AS METRO COLLISION, AND WAYMON D.
HENSON, INC., DOING BUSINESS AS HENSON'S TOWING
SERVICE, PETITIONERS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

CITY OF SYRACUSE, RESPONDENT-APPELLANT,
ET AL., RESPONDENT.

MARY ANNE DOHERTY, CORPORATION COUNSEL, SYRACUSE (ANN MAGNARELLI
ALEXANDER OF COUNSEL), FOR RESPONDENT-APPELLANT.

TISDELL, MOORE & WALTER, SYRACUSE (ROBERT L. TISDELL OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 1, 2013 in a CPLR article 78 proceeding. The judgment granted the petition and permanently reinstated petitioners to the City of Syracuse's rotational towing list, pending proper notice and a hearing.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination removing them from the rotational towing list of respondent City of Syracuse (City) and to reinstate them to the list until they received proper notice and a hearing. Supreme Court granted the petition, holding that *Henson v City of Syracuse* (147 Misc 2d 1064), which involved the same parties as here, established that petitioners had a property interest in the towing list and could not be removed from it without due process. That was error. Supreme Court erred in determining that collateral estoppel applies and that a property interest existed between petitioners and the City based on *Henson*.

Collateral estoppel "applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action' " (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 128; *see Plumley v*

*Erie Blvd. Hydropower, L.P.*, 114 AD3d 1249, 1249).

We conclude that there is no identity of issue here inasmuch as the instant case involves different facts from those in *Henson* (*see Reiss v Maynard*, 129 AD2d 999, 1000, *appeal dismissed* 70 NY2d 748; *cf. Academic Health Professionals Ins. Assn. v Kaleida Health* [appeal No. 2], 305 AD2d 1055, 1056, *appeal dismissed* 100 NY2d 614, *lv dismissed* 100 NY2d 614).  In *Henson* (147 Misc 2d at 1065), the City removed petitioners from the rotational towing list because they gave "an unlawful gratuity" to an employee of the Department of Motor Vehicles. In the instant case, the City removed petitioners from the rotational towing list because they charged "extra fees" and because of their attitude toward City police officers.  The doctrine of collateral estoppel therefore does not apply (*see Plumley*, 114 AD3d at 1249; *Reiss*, 129 AD2d at 1000).  Even assuming, arguendo, that collateral estoppel applies, we note that *Henson* is not controlling because subsequent cases have held that a towing company does not have a "property . . . interest in its inclusion on a municipal rotational tow list that would entitle it to . . . a hearing" (*Matter of Alltow, Inc. v Village of Wappingers Falls*, 94 AD3d 879, 881; *see Matter of Prestige Towing & Recovery, Inc. v State of New York*, 74 AD3d 1606, 1608; *see also Matter of Loyal Tire & Auto Ctr. v New York State Thruway Auth.*, 227 AD2d 82, 85-86, *lv denied* 90 NY2d 804).

We agree with the City that petitioners are not entitled to mandamus relief inasmuch as inclusion or removal from the rotational towing list is discretionary and the City's determination was not irrational, arbitrary, or capricious.  "[M]andamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184, *rearg denied* 4 NY3d 882; *see Alltow, Inc.*, 94 AD3d at 880; *Matter of Eck v Mayor of Vil. of Attica*, 28 AD3d 1195, 1196). "[W]hen the issue concerns the exercise of discretion . . . , [t]he courts cannot interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [internal quotation marks omitted]; *see Prestige Towing & Recovery, Inc.*, 74 AD3d at 1607; *Matter of City of Buffalo [Buffalo Police Benevolent Assn.]*, 13 AD3d 1202, 1203).  We conclude upon our review of the record that there was a rational basis for the City's determination, and that the City did not act in an arbitrary or capricious manner in removing petitioners from the towing list (*see Alltow, Inc.*, 94 AD3d at 881; *Prestige Towing & Recovery, Inc.*, 74 AD3d at 1607-1608).

Entered:  July 3, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court