■ GREGORY P. SCIALDONE, Appellant, v STEPPING STONES ASSOCIATES, L.P., et al., Respondents. [50 NYS3d 106]—

In an action, inter alia, to recover damages for eviction from a parking space, to determine the plaintiff's right to the parking space, and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated June 19, 2015, which granted those branches of the defendants' motion which were for summary judgment dismissing the 7th, 9th, 10th, 11th, and 20th causes of action in the amended complaint, and, upon searching the record, awarded the plaintiff summary judgment on the 8th cause of action.

Ordered that the appeal from so much of the order as, upon

searching the record, awarded the plaintiff summary judgment on the 8th cause of action is dismissed, as the plaintiff is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this action in 2011, alleging that he is a tenant of an apartment complex in White Plains, owned and operated by the defendants, Stepping Stones Associates, L.P., and DeRosa Builders, Inc., and that he was constructively evicted from one of his three parking spaces in the complex. The complaint sought a determination of the plaintiff's right to use the parking space, injunctive relief, and damages exceeding $5 million.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the 7th cause of action, which sought a determination that the plaintiff's lease is void and to recover the rent paid thereunder. The defendants submitted evidence in support of their motion demonstrating that the plaintiff had been paying rent pursuant to a valid lease since 1987. The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (*Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525, 526 [2003]; *see Lonner v Simon Prop. Group, Inc.*, 57 AD3d 100, 109 [2008]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the 9th cause of action, which sought a determination that the plaintiff had a right to a lease renewal commencing on a different date than that employed by the defendants. The defendants demonstrated that the same renewal date had been used for approximately 20 years without any objection by the plaintiff, and the plaintiff presented no evidence establishing that he was entitled to a different renewal date.

Furthermore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the 10th cause of action, which sought, inter alia, a determination of the legal number of parking spaces permitted to be used at the apartment complex and that the defendants are in violation of the zoning ordinance with regard to the spaces. The court properly found, based on the defendants' submission of the plaintiff's lease, that the plaintiff had no standing to assert these claims (*see generally Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 412-413 [1987]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the 11th cause of action, which alleged that the defendants had failed to provide the plaintiff with handicap-accessible parking. The defendants submitted the plaintiff's own deposition testimony, in which he admitted that both of his remaining parking spaces were handicap-accessible. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

Finally, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the 20th cause of action, which alleged that the plaintiff was being overcharged for rent. In support of the motion, the defendants submitted the lease and the lease renewals, which demonstrated that the plaintiff agreed to the rent specified in the leases. In opposition, the plaintiff submitted no evidence of any rent overcharges.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.