Metropolitan Prop. & Cas. Ins. Co. v GEICO Gen. Ins. Co. (2020 NY Slip Op 05045)





Metropolitan Prop. & Cas. Ins. Co. v GEICO Gen. Ins. Co.


2020 NY Slip Op 05045


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-08680
 (Index No. 12314/13)

[*1]Metropolitan Property and Casualty Insurance Company, respondent, 
v
GEICO General Insurance Company, appellant.


Picciano & Scahill, P.C., Bethpage, NY (David J. Tetlak of counsel), for appellant.
Abamont & Associates (The Law Office of David S. Klausner PLLC, White Plains, NY [Stephen Slater], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of the implied covenant of good faith and fair dealing, the defendant appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered May 7, 2018. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint and for an award of costs and attorneys' fees as a sanction for frivolous conduct.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 23, 2006, a vehicle owned and operated by John C. Colvin was involved in an accident with a vehicle operated by Milagros Gomez. On the date of the accident, Colvin was insured under a primary automobile insurance policy issued by the defendant, GEICO General Insurance Company (hereinafter GEICO), with policy limits of $100,000/$300,000, and a personal excess liability insurance policy issued by the plaintiff, Metropolitan Property and Casualty Insurance Company (hereinafter MetLife), with a policy limit of $1,000,000. In January 2011, Gomez commenced an action against Colvin's estate to recover damages for personal injuries (hereinafter the underlying personal injury action). Before the underlying personal injury action was commenced, despite being aware of the existence of the excess insurance policy issued by MetLife to Colvin, GEICO never notified MetLife of Gomez's claim against Colvin. In December 2011, GEICO tendered its policy limit of $100,000 to Gomez to settle the underlying personal injury action. Gomez rejected GEICO's offer. On November 30, 2012, approximately six weeks before trial in the underlying personal injury action was scheduled to start, Gomez's counsel informed MetLife of the underlying personal injury action. Subsequently, on January 22, 2013, Gomez agreed to settle the underlying personal injury action for $150,000. GEICO contributed $100,000 toward the settlement and MetLife contributed $50,000. MetLife reserved its rights against GEICO.
In June 2013, MetLife commenced this action against GEICO to recover damages for breach of the implied covenant of good faith and fair dealing, alleging bad faith. Thereafter, GEICO moved for summary judgment dismissing the complaint and for an award of costs and attorney's fees as a sanction against MetLife for allegedly commencing and maintaining a frivolous action. In an order entered May 7, 2018, the Supreme Court, inter alia, denied GEICO's motion, and GEICO [*2]appeals.
GEICO failed to meet its initial burden of submitting evidence establishing, prima facie, its entitlement to judgment as a matter of law. Contrary to GEICO's contention, the voluntary payment doctrine does not apply here to bar this action. "The voluntary payment doctrine 'bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law'" (Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 957, 958, quoting Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526). However, the voluntary payment doctrine does not bar an excess insurance carrier, such as MetLife, that contributed to a settlement of an underlying action from seeking to recover its settlement contribution from a primary insurance carrier, such as GEICO, based on the primary carrier's alleged bad faith. Despite an excess insurance carrier's decision to contribute to a settlement, an excess insurance carrier may later maintain an action against a primary insurance carrier for breaching its duty of good faith in defending and settling claims over which it exercised exclusive control, provided that the excess insurance carrier reserved its rights against the primary insurance carrier at the time of the settlement (see Federal Ins. Co. v North Am. Specialty Ins. Co., 83 AD3d 401, 401-403; Elm Ins. Co. v GEICO Direct, 23 AD3d 219, 219). An insurer may be held liable for breaching its duty of good faith (see Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 656-657; Pavia v State Farm Mut. Auto Ins. Co., 82 NY2d 445, 452), and a primary liability insurer owes an excess insurance carrier the same duty of good faith as the primary liability insurer owes its insureds (see Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co., 61 NY2d 569, 574).
Applying the common-law voluntary payment doctrine so as to bar actions alleging bad faith would allow primary insurance companies to benefit from their own bad conduct. Here, MetLife alleged that GEICO acted in bad faith by failing to timely notify MetLife of the underlying personal injury action commenced against their mutual insured, Colvin, by failing to timely apprise MetLife of developments in the underlying personal injury action, by failing to apprise MetLife that GEICO's tender of its policy limit to Gomez in the underlying personal injury action had been rejected, and by failing to adequately and properly defend Colvin in the underlying personal injury action. Moreover, in support of its motion, GEICO submitted copies of numerous emails and letters from MetLife's counsel and claims representative to GEICO requesting documents in order for MetLife to adequately assess Gomez's claim after being informed of the underlying personal injury action by Gomez's counsel and receiving a request from Gomez's counsel that MetLife tender its policy, as well as a copy of MetLife's reservation of rights letter issued to GEICO with respect to the settlement of the underlying personal injury action. As a result, we conclude that the voluntary payment doctrine does not apply in this action alleging bad faith.
GEICO's remaining contention is without merit, and we need not address MetLife's remaining contention.
Accordingly, in light of GEICO's failure to establish its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying GEICO's motion for summary judgment dismissing the complaint and for an award of costs and attorneys' fees as a sanction for frivolous conduct, without regard to the sufficiency of MetLife's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court