Utica Mut. Ins. Co. v American Re-Insurance Co. (2023 NY Slip Op 04042)

Utica Mut. Ins. Co. v American Re-Insurance Co.

2023 NY Slip Op 04042

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

488 CA 22-01242

[*1]UTICA MUTUAL INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v
AMERICAN RE-INSURANCE COMPANY, NOW KNOWN AS MUNICH REINSURANCE AMERICA, INC., DEFENDANT-APPELLANT. 

RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP, NEW YORK CITY (BRUCE M. FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HUNTON ANDREWS KURTH LLP, WASHINGTON, D.C. (SYED S. AHMAD, ADMITTED PRO HAC VICE, OF COUNSEL), AND FELT EVANS, LLP, CLINTON, FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Gregory R. Gilbert, J.), entered June 29, 2022. The order, inter alia, granted plaintiff's motion for summary judgment dismissing defendant's first counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The facts and prior procedural history of this case are fully set forth in our decision on the prior appeal (Utica Mut. Ins. Co. v American Re-Insurance Co., 211 AD3d 1587 [4th Dept 2022]). As relevant to this appeal, plaintiff issued primary and umbrella policies of insurance to nonparty Burnham Corporation (Burnham) covering a period from 1977 to 1984. Plaintiff obtained from defendant reinsurance coverage for the same period related to the umbrella policies. When Burnham was sued, plaintiff paid certain defense costs under the umbrella policies after plaintiff allegedly exhausted the primary policies and sought reimbursement from defendant for those defense costs. After paying plaintiff approximately $2,000,000 for defense costs, defendant concluded that it was not obligated to cover those costs because those costs were not covered under the umbrella policies and ceased future payments. Plaintiff thereafter commenced this action. Defendant answered and asserted counterclaims, including its first counterclaim alleging that plaintiff had breached the reinsurance contracts by billing defendant for defense costs that defendant did not owe, causing defendant to pay plaintiff for amounts it was not obligated to cover. Defendant sought reimbursement of the amounts paid to plaintiff for defense costs. Plaintiff moved for summary judgment dismissing defendant's first counterclaim, and defendant moved for summary judgment on its first counterclaim. Supreme Court granted plaintiff's motion, denied defendant's motion, and dismissed the first counterclaim. Defendant appeals.
We agree with defendant that, to the extent the court determined that defendant was collaterally estopped from obtaining reimbursement of the improperly paid defense costs based upon the ruling in Utica Mut. Ins. Co. v Munich Reinsurance Am., Inc. (381 F Supp 3d 185 [ND NY 2019], affd 7 F4th 50 [2d Cir 2021] [Munich Reinsurance Am., Inc.]), any such determination was error. Collateral estoppel "applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party] had a full and fair opportunity to litigate the issue in the earlier action' " (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [2007], quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; see Plumley v Erie Blvd. Hydropower, L.P., 114 AD3d 1249, [*2]1249 [4th Dept 2014]). Thus, collateral estoppel will not apply to cases where the prior determination was based upon different facts (see Matter of Henson v City of Syracuse, 119 AD3d 1340, 1341 [4th Dept 2014]; see generally Jones v Town of Carroll, 122 AD3d 1234, 1238 [4th Dept 2014], lv denied 25 NY3d 910 [2015]). Munich Reinsurance Am., Inc., which was decided after a bench trial, involved policies issued to a different insured, as well as communications between plaintiff and defendant regarding those policies that raised concerns regarding the policy language long before the disputed payments were made (381 F Supp 3d at 189-190, 220-221). The decision in Munich Reinsurance Am., Inc. was "[b]ased upon [those] facts" specific to the insured and the policy at issue (id. at 221). Although there are certainly similarities between those facts and the present matter, the issue presented on this appeal is not identical to the issue previously raised and collateral estoppel does not apply.
Nevertheless, we conclude that plaintiff established its entitlement to summary judgment dismissing the first counterclaim based upon the voluntary payment doctrine. The voluntary payment doctrine is a common-law principle that bars recovery for "payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526 [2003]; see Hedley's, Inc. v Airwaves Global Logistics, LLC, 130 AD3d 872, 873 [2d Dept 2015], lv denied 26 NY3d 911 [2015]; Merchants Mut. Ins. Group v Travelers Ins. Co., 24 AD3d 1179, 1180 [4th Dept 2005]). Under that doctrine, "[t]he onus is on a party that receives what it perceives as an improper demand for money to take its position at the time of the demand, and litigate the issue before, rather than after, payment is made" (DRMAK Realty LLC v Progressive Credit Union, 133 AD3d 401, 403 [1st Dept 2015] [internal quotation marks omitted]; see Lonner v Simon Prop. Group, Inc., 57 AD3d 100, 109 [2d Dept 2008]). "There is a presumption that payments are voluntary," and any protest thereto must be made "at the time of payment" (Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d 707, 709 [2d Dept 2020]; see ECI Fin. Corp. v Resurrection Temple of Our Lord, Inc., 213 AD3d 735, 736 [2d Dept 2023]).
Although a "mistake of material fact or law" is an exception to the voluntary payment doctrine (Dillon, 100 NY2d at 526), if a payment is made based upon a party's own lack of diligence, the voluntary payment doctrine will bar recovery (see Eighty Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc., 34 AD3d 244, 246 [1st Dept 2006]; Gimbel Bros. v Brook Shopping Ctrs., 118 AD2d 532, 535 [2d Dept 1986]; see also Citicorp N. Am., Inc. v Fifth Ave. 58/59 Acquisition Co., LLC, 70 AD3d 408, 409 [1st Dept 2010]). Here, plaintiff's submissions on its motion established that defendant never made "any effort to learn what [its] legal obligations were," and instead simply made payments without objection, assuming that the charges submitted to it were covered by language in the umbrella policies that defendant never obtained prior to making those payments (Citicorp N. Am., Inc., 70 AD3d at 409; see Munich Reinsurance Am., Inc., 381 F Supp 3d at 221-222). In opposition, defendant failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Defendant contends that the voluntary payment doctrine is inapplicable here in light of plaintiff's alleged bad faith. We reject that contention. To the extent that defendant relies on Metropolitan Prop. & Cas. Ins. Co. v GEICO Gen. Ins. Co. (186 AD3d 1513 [2d Dept 2020]), its reliance is misplaced because, unlike here, that case involved an excess insurer that contributed to a settlement of the underlying action while reserving its rights against the primary insurer and thereafter sought to recover that contribution, not, as here, a voluntary payment to the primary insurer (see id. at 1514-1515).
We have considered defendant's remaining contention and conclude that it lacks merit.
Inasmuch as plaintiff met its initial burden on its motion by establishing that the voluntary payment doctrine applied and defendant failed to raise a triable issue of fact in opposition, the court properly granted plaintiff's motion (cf. Eighty Eight Bleecker Co., LLC, 34 AD3d at 246-247; see also Munich Reinsurance Am., Inc., 381
F Supp 3d at 221-222; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). For the same reasons, we conclude that defendant failed to meet its initial burden on its motion and that the court therefore properly denied that motion.
In light of our determination, we need not address plaintiff's alternative grounds for affirmance.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court