Matter of Treece (2025 NY Slip Op 04371)

Matter of Treece

2025 NY Slip Op 04371

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

514 CA 24-00877

[*1]HON. RANDOLPH F. TREECE (RET.) AS ATTORNEY TRUSTEE OF THE PETER AND ELIZABETH C. TOWER IRREVOCABLE TRUST CYNTHIA T. DOYLE AND MOLLIE T. BYRNES, PETITIONERS-APPELLANTS; JOHN N. BLAIR, INTERVENOR-RESPONDENT. 

BARCLAY DAMON LLP, BUFFALO (JENNIFER G. FLANNERY OF COUNSEL), AND PILLSBURY WINTHROP SHAW PITTMAN LLP, NEW YORK CITY, FOR PETITIONERS-APPELLANTS.
PHILLIPS LYTLE LLP, BUFFALO (ERIC M. KRAUS OF COUNSEL), FOR INTERVENOR-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered May 23, 2024 in a proceeding pursuant to CPLR article 77. The order granted the motion of John N. Blair insofar as he sought leave to intervene as a party to this proceeding and transfer of the proceeding to Surrogate's Court, Erie County. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners, trustees and sole beneficiaries of the Peter and Elizabeth C. Tower Irrevocable Trust, commenced this special proceeding pursuant to CPLR article 77 seeking the appointment of a successor attorney trustee. Petitioners allege that intervenor, who served as the attorney trustee, was removed from that position by a unanimous vote of the required trustees on account of alleged breaches of his fiduciary duties. Intervenor moved, inter alia, for leave to intervene in the proceeding. Petitioners appeal from an order that, among other things, granted intervenor's motion. We affirm.
Upon a timely motion, a person is permitted to intervene as of right in a proceeding when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment (see CPLR 1012 [a] [2]). In addition, a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact (see CPLR 1013). " 'Whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings' " (Jones v Town of Carroll, 158 AD3d 1325, 1327 [4th Dept 2018], lv dismissed 31 NY3d 1064 [2018]; see Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677 [2d Dept 2010]). Here, intervenor has a real and substantial interest in the outcome of the proceeding inasmuch as he contends that he was wrongly removed as the attorney trustee and that there should not be an appointment of a successor attorney trustee (see generally Matter of Norstar Apts. v Town of Clay, 112 AD2d 750, 751 [4th Dept 1985]).
Contrary to petitioners' contention, intervenor's motion is not barred by collateral estoppel. The equitable doctrine of collateral estoppel precludes a party from relitigating in a subsequent proceeding an issue raised in a prior proceeding and decided against that party or [*2]those in privity (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). "Collateral estoppel applies only if the issue in the second [proceeding] is identical to an issue which was raised, necessarily decided and material in the first [proceeding], and the [party] had a full and fair opportunity to litigate the issue in the earlier [proceeding]" (Utica Mut. Ins. Co. v American Re-Insurance Co., 218 AD3d 1283, 1284 [4th Dept 2023] [internal quotation marks omitted]; see City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [2007]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination" (Jones v Town of Carroll, 122 AD3d 1234, 1237 [4th Dept 2014], lv denied 25 NY3d 910 [2015] [internal quotation marks omitted]), and "the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior [proceeding]" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985]). Collateral estoppel does not apply where the prior determination was based on different facts (see Utica Mut. Ins. Co., 218 AD3d at 1284; Matter of Henson v City of Syracuse, 119 AD3d 1340, 1341 [4th Dept 2014]). Here, petitioners failed to meet the burden of demonstrating that the issue of intervenor's removal as attorney trustee was necessarily decided in a prior proceeding, which involved intervenor's position in an entirely different entity, and intervenor established that he did not have a full and fair opportunity to litigate the issue.
We have considered petitioners' remaining contention and conclude that it is without merit.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court